IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-cr-40008-JPG-14 |
| | ) | |
| DAWN E. UNTERFER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Dawn E. Unterfer's *pro se* motion for appointment of counsel (Doc. 429) and motion for a reduction of her criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Doc. 430).

The Court is unable to appoint counsel in this case under the Criminal Justice Act, 18 U.S.C. 3006A, which does not permit appointments in proceedings such as this.   *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013).   Additionally, as set forth below, Unterfer is not entitled to relief on the merits, and the presence of counsel would not assist her case.

Unterfer pled guilty to one count of conspiracy to manufacture methamphetamine.   At sentencing on July 14, 2015, the Court found by a preponderance of the evidence that Unterfer's relevant conduct was 2,532.6 kilograms of marihuana equivalent, which under U.S.S.G. § 2D1.1[1] yielded a base offense level of 30.   Her offense level was reduced by three points under U.S.S.G. § 3E1.1(a) and (b) because Unterfer timely demonstrated acceptance of responsibility for her offense.   This established a total offense level of 27 which, considering Unterfer's criminal history category of II, yielded a

---

[1]Unless otherwise noted, the references to the guidelines in this order are to the 2014 version of the U.S.S.G., including Amendment 782, which became effective November 1, 2014.

sentencing range of 78-97 months in prison.   The Court imposed a sentence of 78 months.   Unterfer

now asks the Court to apply Amendment 782 to U.S.S.G. § 2D1.1 to lower her sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where

"a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   In doing so,

the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction

"is consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C.

§ 3582(c)(2).   Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two

criteria:   (1) the Sentencing Commission must have lowered the applicable guideline sentencing range,

and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing

Commission.   If the defendant cannot satisfy the first criterion, the Court cannot grant the reduction

request.   *See United States v. Taylor*, 778 F.3d 667, 762 (7th Cir. 2015).

The Court cannot grant Unterfer's reduction request because she cannot satisfy the first criterion.

Unterfer was not "sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   18 U.S.C.

§ 3582(c)(2).   The Sentencing Commission promulgated Amendment 782 to amend U.S.S.G.

§ 2D1.1(c) as of November 1, 2014, to lower base offense levels associated with various drug amounts.

However, Unterfer's July 14, 2015, sentence was calculated using Amendment 782 and already reflects

the reductions implemented by that guideline amendment.   Thus, her sentencing range has not

"subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   18 U.S.C.

§ 3582(c)(2).

Because Unterfer cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a

sentence reduction, the Court cannot grant her reduction request.  *See Taylor*, 778 F.3d at 762.   The

Court therefore **DENIES** her motion for a reduction (Doc. 430) and her motion for appointment of

counsel (Doc. 429).

**IT IS SO ORDERED.**
**DATED:   January 13, 2016**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**